**FILED**
**Jul 09, 2021**
**10:33 AM(ET)**
**TENNESSEE COURT OF
WORKERS' COMPENSATION
CLAIMS**



## TENNESSEE BUREAU OF WORKERS' COMPENSATION
## IN THE COURT OF WORKERS' COMPENSATION CLAIMS
## AT CHATTANOOGA

| | | |
|---|---|---|
| **Antonio Hernandez,** | ) | **Docket No.: 2020-01-0852** |
| **Employee,** | ) | |
| **v.** | ) | |
| **Woodbridge Chattanooga Formed** | ) | **State File No.: 58041-2017** |
| **Plastics,** | ) | |
| **Employer,** | ) | |
| **And** | ) | |
| **American Zurich Insurance Company,** | ) | **Judge Audrey Headrick** |
| **Carrier.** | ) | |

## COMPENSATION ORDER

Mr. Hernandez requested increased benefits following a settlement on his original award of permanent disability benefits. Woodbridge denied him increased benefits asserting he (1) retired before reaching maximum medical improvement (MMI) and (2) chose not to seek employment with any employer after reaching MMI. After a June 30, 2021 Compensation Hearing, the Court agrees with Woodbridge and holds Mr. Hernandez is not entitled to increased benefits.

### History of Claim

Mr. Hernandez, a tool and die maker at Woodbridge, sustained bilateral carpal tunnel syndrome and cubital tunnel syndrome injuries on July 27, 2017. He received authorized treatment, including surgeries, with Dr. Jason Rehm. Before reaching MMI, Mr. Hernandez wrote in a retirement letter on October 31, 2018, "The time has come for me to hang up my tooling experience and retire and spend more time with my wife and family."

Before retiring, Mr. Hernandez worked full-time with restrictions while undergoing medical treatment. His last day at Woodbridge was February 1, 2019. Three months later, Dr. Rehm placed Mr. Hernandez at MMI on May 13 with an eight-percent permanent impairment to the body as a whole and no permanent restrictions.

Mr. Hernandez testified about his job as a tool and die maker. Before retiring, he worked over fifty years in that trade and worked approximately six of those years at Woodbridge. Mr. Hernandez stated his job required him to repair broken machinery and make parts while using pneumatic tools, including an impact tool and die grinder, which caused vibrations to his hands.

Mr. Hernandez also testified about his restricted duty. He stated he could do his job but that he did it much slower. Although Woodbridge accommodated his restrictions, Mr. Hernandez complained to his supervisor that he needed help because his hands hurt. He noted his treatment, including surgeries and recovery, took nineteen to twenty months. Mr. Hernandez had constant pain and believed he could no longer do his job when he gave his retirement letter to Amanda Pierce, Human Resources Manager. If not for his injuries, Mr. Hernandez stated he had planned to retire at age 72 instead of age 69.

Mr. Hernandez testified about his life after retirement. He stated his wrists still hurt, and he cannot bend his wrists back. Mr. Hernandez did not look for other employment but stated past employers heard about his retirement and contacted him wanting him to perform the same type of work. He declined their offers and stated he was still unable to work.

Ms. Pierce also testified. She did not recall Mr. Hernandez mentioning his injuries to her either before or at the time he gave her the retirement letter. She confirmed that Woodbridge accommodated Mr. Hernandez's restrictions before he retired and would have continued accommodating him, even without permanent restrictions, had he not retired.

## Findings of Fact and Conclusions of Law

At a Compensation Hearing, Mr. Hernandez must prove by a preponderance of the evidence that he is entitled to benefits. Tenn. Code Ann. § 50-6-239(c)(6) (2020).

### Increased Benefits

Mr. Hernandez seeks increased benefits under Tennessee Code Annotated section 50-6-207(3)(B). This provision states that if, at the end of the initial period of compensation, the employee has not returned to work for any employer at an equal or greater rate of pay as before the injury, then the employee qualifies for an increased benefit "if appropriate." However, if an "employee's loss of employment is due to the employee's voluntary resignation or retirement" unrelated to the work-related disability, then the recovery of increased benefits is barred. Tenn. Code Ann. § 50-6-207(3)(D)(i).

The Appeals Board previously addressed the significance of the phrase "if appropriate" used in section 50-6-207(3)(B). It concluded that the Legislature "expressed its intent that a trial court consider all relevant factors, including the circumstances of an

injured worker's ability and/or willingness to return to work in his or her disabled state and the reasonableness of the employer in attempting to return the injured employee to work."

Here, when considering all relevant factors, the Court holds Mr. Hernandez is not entitled to increased benefits because he voluntarily retired for reasons unrelated to his work injury. Before reaching MMI, he submitted his retirement letter and worked full-time for three more months with restrictions that Woodbridge accommodated.

Although Mr. Hernandez credibly testified that he retired due to pain, his retirement letter referenced only his desire to spend more time with his wife and family. He offered no medical proof or other corroborating evidence indicating his injuries prevented him from working, including when he declined offers of employment after his retirement. The only medical proof shows Dr. Rehm released Mr. Hernandez to return to work without permanent restrictions. Without more, Mr. Hernandez's subjective belief that he was unable to work is not a reasonable basis to award increased benefits, and the Court denies his request.

*Alternative Findings*

Should an appellate court find error in its holding, the Court makes the following alternative findings for judicial economy. *See Cunningham v. Shelton Sec. Serv.,* 46 S.W.3d 131, 137-138 (Tenn. 2001). ("The trial court should . . . hear the entire case and make appropriate findings of fact, and alternative findings when necessary, for appellate review.")

Regarding increased benefits, the parties stipulated to the following:

- The parties settled the original award of $13,739.04 with open future medical benefits.
- The initial compensation period expired on January 20, 2020.
- Mr. Hernandez is entitled to the multipliers of 1.35 for not returning to work and 1.2 because he is over forty years old.
- After applying the credit for the original award, Mr. Hernandez is entitled to increased benefits totaling $8,518.21.

Therefore, the Court holds in the alternative that Mr. Hernandez would be entitled to an award of increased benefits totaling $8,518.21 if it found his request for those benefits was supported by the evidence.

**IT IS, THEREFORE, ORDERED** as follows:

1. The Court denies Mr. Hernandez's claim for increased benefits, and the claim is dismissed with prejudice.

2. Woodbridge shall pay the $150.00 filing fee to the Clerk within five business days after this order becomes final under Tennessee Compilation Rules and Regulations 0800-02-21-.06 (Aug. 2019).

3. Woodbridge shall file form SD-2 with the Clerk within ten business days of this order becoming final.

4. Unless appealed, this order shall become final in thirty days.

**ENTERED July 9, 2021.**


_Audrey Headrick_____
**Judge Audrey A. Headrick**
**Court of Workers' Compensation Claims**

## APPENDIX

Exhibits:

1. Medical records of Dr. Jason Rehm
2. Mr. Hernandez's written resignation
3. Settlement Documents filed on June 3, 2021


Technical Record:

1. Petition for Benefit Determination
2. Dispute Certification Notice
3. Scheduling Order
4. Pre-Compensation Hearing Statement
5. Pre-Compensation Hearing Brief of Employer and Insurer
6. Notice of Filing Exhibits
7. Order Continuing Trial Date

**CERTIFICATE OF SERVICE**

I certify that a copy of this Compensation Order was sent as indicated on July 9, 2021.

| Name | U.S. Mail | Email | Service sent to: |
|---|---|---|---|
| Fred Clelland, Employee's Attorney | | X | fred@warrenandgriffin.com kay@warrenandgriffin.com |
| Michael Haynie, Employer's Attorney | | X | mhaynie@manierherod.com |

/s/Penny Shrum          w/permission JD
_____
Penny Shrum, Court Clerk
**WC.CourtClerk@tn.gov**